**Victor J. POLICH, Paul Warfel, John D. Adams; Richard C. Adams; David B. Amsk, et al.,* Plaintiffs–Appellants,**

v.

**BURLINGTON NORTHERN, INC., and Burlington Northern Railroad Company, Delaware Corporations, Defendants–Appellees.**

No. 96–35146.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 23, 1996.

Decided May 14, 1997.

* Including the following: JAMES E. BALES; J.E. BARRY, (DECEASED); CALVIN J. BARTHULY; RICHARD J. BAUER; WILLIAM D. BAUER; L.A. BERGSING; PAUL A. BERGSING; ELROY J. BIRKELAND; RAYMOND K. BIRKELAND; GALEN Q. BITZ; PAUL J. BOEHM; JOHN A. BOWERS; TIMOTHY P. BOWERS; GERALD B. BOWLES; STEVE BOYSUN, JR.; NILS O. BRANDAL; ROBERT B. BREWER; DAVID P. BRINIG; CHRISTOPHER BROHAUGH; JAMES J. BROOKS, (DECEASED); RONALD G. BUCHHEIT; NORMA BUSBY; ROBERT F. CARDONA; DUANE J. CHAPMAN; WILLIAM H. CHAPMAN; FRANK H. CLAAR; HEBER J. CLAAR; ALFRED L. CLARK; DAVID A. COLVIN; G.R. COPENHAUER; JAMES D. COPENHAUER; FLOYD COUNTS; HENRY J. COUNTS; JOHN R. COUNTS; WILLIAM J. CROSTON; W.J. DANIELSON; GERALD A. DAVIS; WILLIAM H. DEBOER; DONALD P. DAHMS; ROGER DERMER; EUGENE E. DEUITCH; DONALD A. DOLL; MICHAEL J. DONAHUE; FRANK S. DWIGHT; WILLIAM D. EGGAR; RAYMOND A. ELLISON; JOSEPH ERDMANN; RONALD D. EVANSON; JOHN A. FAW; FRANK M. FASSENDEN; RAYMOND E. FIEVET; JAMES E. FORD; RUSSELL E. FORD; ESTIL E. FRANK, JR.; MICHAEL A. FREDRICK; DOUGLAS R. GARCIA; WILLIAM M. GARCIA; RICHARD GARNER; GORDON E. GAVNE, (DECEASED); THOMAS GERONDALE; D.M. GEHLHAUSEN; BERT D. GENTRY; CHARLES W. GILBERG; GARY L. GLASS; CARL D. GOFF; BRUCE J. GRAHAM; THOMAS A. GRENGS; MORRIS GULLICKSON; HARRY P. HAINES; JAMES K. HALSTEAD; ROY K. HAMILTON; CHARLES J. HANCOCK; MAYNARD E. HANEL; EDWARD HANEL; DAVID HAUG; JERRY D. HAYES; EDWARD D. HEILMAN; BILL HENDERSHOTT; RONALD F. HESSLER; DARRELL G. HETRICK; LYLE L. HINMAN; JACK L. HORSLEY; RAYMOND R. HORSLEY; PAUL F. HOUTS; STEVEN W. HOWES; DELBERT HUDSON; COLE C. INGRAM; RICHARD D. IVERSON; CHARLES R. JACKSON; JERRY A. JACOBSEN; DONALD I. JARVIS; RON A. JERGESEN; DAVID M. JOHNSON; MARTIN L. JOHNSON; R.L. JOHNSON; RICHARD A. JOHNSON; TRUN D. JONES; WILLIAM T. JONES; RUSSELL L. JORDAN; RICHARD D. JUHNKE; DENNIS D. KAYSER; CHRIS O. KARELL; DANNY J. KELLEHER; EDWARD A. KINNICK; GEORGE A. KINNICK; FRANK D. KOKOT; CHESTER KUPER; RICHARD F. LABBE, JR.; MICHAEL C. LANNEN; JOE A. LAWELLIN; BERNIE LEE, III; DARWIN LEE; DAVID H. LEWIS; DONALD D. LEWIS; DEAN Q. LINDELL; PATRICK MCCLAIN; LEE R. MCNEILL; WILLIAM B. MADSEN; E.E. MAEDCHE; RUBEN MAEDCHE; BEN MAR; MICHAEL C. MARSH; STANLEY L. MARTIN; FRANK M. MARTZ; MICHAEL D. MARTZ; MONTE MATHIS; JOHN M. MELVIN; DONALD L. MILES; IVA M. MILLER; VERNON L. MILLER; GORDON G. MILLS, JR.; LEROY R. MITTELSTEDTER; ROBERT C. MOORE; AL-

Alexander Blewett, III, Hoyt & Blewett, Great Falls, MT, for Plaintiffs–Appellants.

Randy J. Cox, Boone, Karlberg & Haddon, Missoula, MT, for Defendants–Appellees.

Before: WRIGHT, GOODWIN, and NOONAN, Circuit Judges.

PER CURIAM.

This is the second appeal in this litigation which arose out of the closing of railroad facilities in Livingston, Montana, in 1986 and 1987. The district court granted summary judgment in favor of defendants holding that the Interstate Commerce Act preempted plaintiffs' state law statutory claim. We affirm the summary judgment entered following the remand which permitted the plaintiffs to file their third amended complaint.

Our prior opinion set forth most of the relevant facts with respect to mergers in 1970 and 1980 to which Burlington Northern, Inc. was a party, and Burlington Northern, Inc.'s subsequent reorganization as Burling-

LEN W. MUNRO; A. DAVID NELSON; SHIRLEY L. NORMAN; DAVID OLIN; RICHARD M. O'NEILL; JEANNE M. OINESS; STEVE R. OLSON; RONNIE J. PAGE; CHARLES R. PERRY; GLENN A. PERRY; WALTER L. PETERS; JAMES ERIC PETERSEN; ROBERT D. PETERSEN; WILLIAM D. PHILLIPS; RICHARD J. PLAGGMEYER; PHILLIP POLILLO; KEN C. PROFFITT, JR.; M.I. QUESENBERRY; GORDON RAFDAL; R.H. RANEY; LAURENCE A. REHMER; KENNETH J. REID; VIRGIL V. REYNOLDS; THOMAS C. RICCI; DOUGLAS R. ROBERTS; RICHARD C. ROM; KESTER C. ROMANS; TERRY J. SARRAZIN; DAVID H. SCHARF; RONALD N. SCHARF; GUY E. SCHRAM; JACK B. SCHULTZ; LARRY M. SEE; G.J. SHAFFER; BUCK E. SHANDY; LEWIS E. SHERWOOD; WILLIAM J. SHIPLEY; STEPHEN G. SHULINS; J.W. SMITH; JAMES H. SMITH; JOHN S. SMITH; ROBERT H. SMITH; MICHAEL N. SNOW; KENT SORG; JOHN SPAULDING; JAMES R. SPEER; JAMES B. STALLARD, JR.; MARK A. STANLEY; GARY W. STILLES; DONALD STRONG; DENNIS A. TANG; BOB TAYLOR; RONALD D. TAYLOR; CHARLES H. TECCA; GARY L. TECCA; PATRICIA M. TENDELAND; GERALD O. THOMPSON; TERRY T. TILLETT; WILLIAM E. TOWNSLEY; VELFRED L. VANORDEN; ROBERT E. VANDERVORT; MELVIN WANGSMO; C. MILO WARNICK; VICTOR R. WARNICK; GORDON D. WENTWORTH; GREG D. WHITING; BILL WHITMORE; M. R. WILLIAMS; ROBERT C. WILSON; M. J. YOUNG; EUGENE G. ZAGAR; GARY G. ZANDER; LLOYD P. ZWERNEMAN; and DOES 1–300.

ton Northern Railroad Company in 1981. *See Polich v. Burlington Northern, Inc.*, 942 F.2d 1467 (9th Cir.1991). In addition to the mergers and reorganization detailed in our first opinion, in 1987 the Burlington Northern sold its Montana southern line to an entity identified as Montana Rail Link. This sale was authorized by the Interstate Commerce Commission. This transaction was not addressed in our earlier opinion.

The only issue on this appeal is whether our prior opinion precluded the defendant railroad from raising the defense of Interstate Commerce Act ("ICA") preemption as against the state law claim made in the third amendment complaint, seeking a remedy under Mont.Code Ann. § 69–14–1002. We said in our prior opinion that the claims then before the district court, and before this court on appeal, were preempted by the terms of collective bargaining agreements pursuant to the Railway Labor Act. We also said, on the record before us, that plaintiffs' statutory claim was not preempted by the ICA. The current factual record differs from the record on the earlier appeal. We could not have expressed an opinion on any preemption question that might be raised in connection with the current record. The record before us shows a sale approved by the ICC without the imposition of labor protective conditions. To impose such conditions under Montana law would be to invade an area preempted by the federal regulation.

We noted in remanding the case for the trial court to grant leave to file a third amended complaint: "If the statute is invalid as a burden on commerce, or is subject to some other defense, those questions can be resolved by the trial court." *Polich,* 942 F.2d at 1472. We specifically left it open for the trial court to rule on any defenses presented by Burlington Northern after the remand. Upon remand, Burlington Northern defended that the ICA preempted plaintiffs' claim under Mont.Code Ann. § 69–14–1002, and the distinguished district judge ruled

correctly that our prior opinion did not preclude this defense.

AFFIRMED.